UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK M. KEANEY,

    Plaintiff,

v.                                              CASE NO. 3:03CV1893(RNC)

EASTERN COMPUTER EXCHANGE,
INC., BRENDAN LYNCH and BARRY
WILLIAMS,

    Defendants.

## RULING ON PENDING DISCOVERY MOTIONS

Pending before the court are the plaintiff's Second Motion to Compel (doc. #70) and plaintiff's Motion for Protective Order (doc. #80). After hearing oral argument, the court issues the following rulings.

I.    <u>Plaintiff's Second Motion to Compel (doc. #70)</u>

The motion is granted in part and denied in part. Defendants have not fully complied with this court's August 10, 2004 order. Although the defendants provided responsive information in Microsoft Excel format, counsel for the defendants admitted that some information from the defendants' Quickbooks accounting system was excluded. This court's August 10, 2004 order required the defendants to produce the following categories of documents in their entirety: books of account, accounts receivable journals, accounts payable journals, cash disbursement ledgers, statements of profit and loss, statements of income, and statements of expenses. Although this court's ruling did not require that those documents

be produced electronically or in any particular format, defendants have subsequently agreed to produce the information electronically. Defendants must produce a complete set of the information. No information may be excluded or redacted. Defendants may choose the format in which to produce the information, so long as the information is complete and it "can be reasonably reviewed and manipulated by the plaintiff." See doc. #53.

II. Plaintiff's Motion for Protective Order (doc. #80)

The motion is granted. Plaintiff's personal finances are not relevant to the claims or defenses in this case. Plaintiff has stipulated that payments made to either himself or his company, FMK Associates, Inc., can be established through the defendants' records of payment. He is not challenging those payments in this lawsuit; rather, he is claiming that he was entitled to additional monies. The information sought by the subpoena is not likely to lead to the discovery of admissible evidence.

Defendants contend that the information sought relates to plaintiff's credibility as a witness. "[Although] evidence bearing on the issue of credibility may be elicited in discovery proceedings, it must also be relevant to the subject matter of the suit." Wharton v. Lybrand, Ross Bros. & Montgomery, 41 F.R.D. 177, 179 (E.D.N.Y. 1966). As stated above, the information sought is not relevant to the claims or defenses in this case. Defendants have not adequately articulated how the information sought even

relates to the plaintiff's credibility as a witness. Under such circumstances, the Federal Rules allow a court to issue an order to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

SO ORDERED at Hartford, Connecticut this 14th day of December, 2004.


```
_____/s/_____
```
Donna F. Martinez
United States Magistrate Judge